# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HERMAN SMOOT,<br><br>    Plaintiff,<br><br>v.<br><br>WARNER HEINRICHS and BWG TRANSPORT LTD d/b/a NIGHT TRAIN EXPRESS,<br><br>    Defendants. | JURY TRIAL DEMANDED<br><br>Case No. 1:20-cv-04899-JPB |

## PLAINTIFF'S INITIAL DISCLOSURES

COMES NOW Herman Smoot, Plaintiff in the above-styled action, and submits his Initial Disclosures as follows:

1.

State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

**RESPONSE:**

**Classification of the Case:** This is a personal injury action that arises under Georgia law.

1

**Brief Factual Outline of the Case:** On or about December 18, 2018, Plaintiff Herman Smoot was traveling southbound on Georgia Highway 42 through its intersection with King Mill Road in Henry County, Georgia. At about the same time, Defendant Warner Heinrichs was operating a tractor-trailer northbound on Georgia Highway 42 at or near the intersection with King Mill Road. On this date, Defendant Warner Heinrichs was operating the truck on behalf of Defendant BWG Transport Ltd. Defendant Warner Heinrichs failed to yield at the intersection and turned left onto King Mill Road and crashed into the front of Plaintiff's vehicle. As a result of the collision, Plaintiff suffered severe and permanent injuries.

**Statement of Legal Issues:**

Liability, proximate cause, damages and attorney's fees.

2.

Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

**RESPONSE:**

    a) 49 C.F.R. §§ 350 to 399, including, but not limited to, 49 C.F.R. §§ 392.3 and 395.8:

b) Failing to have required knowledge of vehicle operation in violation of 49 C.F.R. § 383.111;

c) Failing to have required skills in vehicle operation in violation of 49 C.F.R. § 383.113;

d) Failing to have knowledge of and compliance with the regulations in violation of 49 C.F.R. § 390.3;

e) Failing to operate his vehicle and equipment in violation of 49 C.F.R. § 392.2;

f) Operating his vehicle while fatigued in violation of 49 C.F.R. § 392.3;

g) O.C.G.A. §§ 40-6-20 Obedience to traffic control devices;

h) O.C.G.A. § 40-6-48 Driving on roadway laned for traffic;

i) O.C.G.A. § 40-6-71 Improper left turn;

j) O.C.G.A. § 40-6-390 Reckless Driving;

Plaintiff reserves the right to amend this list as discovery progresses as required by Fed. R. Civ. P. 26(e).

3.

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)

**RESPONSE:**  See Attachment A.

4.

Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

**RESPONSE:**  Plaintiff has not yet decided on experts for use at trial but respectfully requests the right to supplement this response. Plaintiff's medical providers may have expert knowledge of causation and damages.  See attached Exhibit B. If Plaintiff calls his treating physicians it will be for the purpose of establishing causation and damages.

5.

Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody or control, that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**RESPONSE:** See Attachment C.

6.

In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**RESPONSE:**

Past Medical Expenses: $24,557.59 (already produced to defendant)

Future Medical Expenses: Amount or to be determined

Past and Future Pain and Suffering: To be determined by the enlightened conscience of the jury

Past Lost Wages: None.

Future Lost Wages: None.

Punitive Damages: To be determined by the enlightened conscience of the jury.

Attorney's fees.

Plaintiff's medical bills will support his claims.

7.

Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach a copy of insurance agreement to Initial Disclosures as Attachment E.)

**RESPONSE:** Plaintiff does not yet have this in his possession, custody or control.

8.

Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.

**RESPONSE:**  None at this time.

This 4th day of February 2021.

                                              **/s/ Jon R. Hawk**
                                              Attorney Bar Number: 338645
                                              Attorney for Herman Smoot
                                              Morgan & Morgan, Atlanta PLLC
                                              230 Northside Crossing
                                              Macon, Georgia 31210
                                              Telephone: (478) 583-6304
                                              Email: jhawk@forthepeople.com

PLAINTIFF'S INITIAL DISCLOSURES

ATTACHMENT A

1) Martha Adams, 362 Hemlock Lane, Locust Grove, Georgia 30248, Spouse of Herman Smoot.

2) Marie Dial, 137 High Hill Street, Irwinton, Georgia 31042.

2) Mark Dial, 137 High Hill Street, Irwinton, Georgia 31042.

3) Yolanda Hernadez, 100 Compache, Grand-daughter of Herman Smoot.

4) James Rosser 362 Hemlock Lane, Locust Grove, Georgia 30248

5) Warner Heinrichs, NW 8-6-7E, Steinbach, Manitoba, Canada R5G 1R6.

6) Representatives of BWG Transport LTD d/b/a Night Train Express, 695 Cargill Road, Winkler, Manitoba, Canada R6W 4A6

8) Deputy Stephen Smith of the Henry County Police Department, Henry County, Georgia. (Plaintiff provides notice that while Deputy Smith will testify as to facts he personally observed some of his testimony could include matters of expert opinion depending on Defendant's position at trial on liability)

9. Any doctor or nurse who provided care and treatment to Plaintiff.

10. Individuals who have known Plaintiff, including family, friends, co-workers, and others prior to and subsequent to the subject accident.

Plaintiff respectfully reserves the right to supplement this response as additional information is obtained in discovery.

PLAINTIFF'S INITIAL DISCLOSURES

ATTACHMENT B

1) Howard A. McMahan, M.D.; Resurgens Orthopaedics, 665 South 8th Street, Griffin, Georgia 30224 may be called as an expert witness.

2) Ravinder K. Kurl, M.D. Primary Care Physician, Henry Internal Medicine, 1016 Hospital Drive, Suite B, Stockbridge, Georgia 30281;

3) Okezie Onuoha PT DPT, Benchmark Physical Therapy, 109 Locust Grove, Georgia 30248;

4) Employees or representatives of the following medical providers may be called as an expert:

a) Piedmont Henry Hospital;

b) Resurgens Orthopaedics;

c) Benchmark Physical Therapy;

d) Piedmont ER Physicians;

e) Radiology Associates of Atlanta;

PLAINTIFF'S INITIAL DISCLOSURES

ATTACHMENT C

1) Medical Records and bills from:

| | |
|---|---|
| Piedmont Henry Hosp. | 12/18/2018 |
| | 3/4/2019 |
| | 4/3/2019 |
| Piedmont ER Phys. | 12/18/2018 |
| | 3/4/2019 |
| Radiology Assoc Atl | 12/18/2018 |
| | 3/4/2019 |
| | 4/3/2019 |
| Benchmark PT | 2/4/2019 |
| | 2/19/2019 |
| | 2/22/2019 |
| | 2/28/2019 |
| | 2/26/2019 |
| | 3/1/2019 |
| Resurgens Orthopaedics | 1/31/2019 |
| | 3/13/2019 |
| | 3/22/2019 |
| | 5/23/2019 |

2) Photographs of Plaintiff and his family prior to the collision;

3) Medical records from prior to the collision (not in possession at this time)

4) Motor vehicle police report;

5) Photographs of the scene;

6) Any documents compiled during discovery; and

7) Any documents produced by the defendants.