IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HERMAN SMOOT,<br><br>  Plaintiff,<br><br>vs.<br><br>WARNER HEINRICHS, AND BWG TRANSPORT LTD. d/b/a NIGHT TRAIN EXPRESS<br><br>  Defendants. | Civil Action File No.<br>1:20-CV-04899-JPB |

**DEFENDANTS' FIRST MOTIONS IN LIMINE
AND BRIEF IN SUPPORT THEREOF**

COME NOW Defendants Warner Heinrichs and BWG Transport LTD. d/b/a Night Train Express, ("Defendants"), and file the following Motions in Limine, respectfully moving this Court for an Order prohibiting and limiting Plaintiff, Plaintiff's counsel, and all witnesses from discussing or referring to the following matters in the presence of the jury at any time.

1. **FINANCIAL STATUS OF PLAINTIFF OR DEFENDANTS**

This Court should exclude all evidence, testimony, inference, and argument related to the financial status and financial situation of either party, as it is irrelevant, highly prejudicial, and, as such, is not relevant and is inadmissible. *See* FED. R.

EVID. 401.  The Eleventh Circuit has recognized that, generally, "a jury should not be advised about the wealth or poverty of the parties."  *Shaps v. Provident Life & Acc. Ins. Co.*, 244 F.3d 876, 886 (11th Cir. 2001).

2. INSURANCE OF PLAINTIFF AND DEFENDANTS

The Court should exclude all evidence, testimony, inference, and argument relating to any insurance held by Plaintiff Herman Smoot and defendants' liability insurance because it is inadmissible, irrelevant, and prejudicial.  FED. R. EVID. 401, 402, 403, 411.  "Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully."  FED. R. EVID. 411.  The existence and amount of liability insurance available to Defendants should be excluded because it is irrelevant to the issues in this case and its introduction is highly prejudicial.  *See e.g. Cincinnati Ins. Co. v. Reybitz*, 205 Ga. App. 174, 176 (1992).   Georgia courts have repeatedly held that "not only is a liability insurance policy of a litigant not admissible in evidence, but disclosure to the jury of the mere existence of such a contract is grounds for a mistrial."  *Id*.; *See also City Council of Augusta v. Lee*, 153 Ga. App. 94, 99 (1980); *Denton v. Con-Way Southern Express*, 261 Ga. 41, 42 (1991); *Morton v. Horace Mann Ins. Co.*, 282 Ga. App. 734, 739 (2006).  Likewise, Plaintiff's counsel should be barred from questioning potential jurors  about  insurance during voir dire.

*Whatley v. Sim Grady Machinery Company*, 218 Ga. 838 (1963); *Corley v. Harris*, 171 Ga. App. 688 (1984). *See also Chambers v. Gwinnett Comm. Hosp., Inc.*, 253 Ga. App. 25 (2001); *Warren v. Ballard*, 266 Ga. 408 (1996). Accordingly, Defendants ask this Court to prohibit any mention during trial, voir dire, opening or closing statements, or eliciting any testimony regarding or referring to any evidence of insurance coverage available to Defendants or the involvement of insurance carriers whatsoever in the defense of this case.

3. **PRIOR SETTLEMENT DEMANDS AND/OR NEGOTIATIONS**

Pursuant to Federal Rule of Evidence 408, evidence of compromise offers and negotiations are not admissible on behalf of any party. Accordingly, any prior settlement demands and/or negotiations should be excluded.

4. **LAY WITNESS TESTIMONY REGARDING PLAINTIFF'S MEDICAL CONDITION**

Defendants anticipate that a lay person, such as a family member or friend, may attempt to offer medical opinions. Plaintiff cannot, however, testify about medical matters because the same is based on "scientific, technical, or other specialized knowledge." O.C.G.A. § 24-7-701. Testimony that relates to the cause of plaintiff's injuries from a medical standpoint is a medical question, to which expert medical testimony must be utilized. *See Jones v. State*, 294 Ga. App. 564, 566, 669 S.E.2d 505 (2008); *see also Eberhart v. Morris Brown College*, 181 Ga.

App. 516, 518, 352 S.E.2d 832 (1987) (testimony which relates to the plaintiff's physical and mental health conditions are medical questions, to which expert testimony must be utilized and may not be established or commented on by lay persons.) "The diagnosis and potential continuance of a disease are medical questions to be established by physicians as expert witnesses and not by lay persons." *Id*. at 566-67.  Accordingly, Plaintiff should not be permitted to testify as to the diagnosis and causes of any of her alleged injuries.

5. **TESTIMONY OF DR. STEVEN CITRON**

One of Herman Smoot's treating physicians was Dr. Steven Citron.  Plaintiff did not disclose Dr. Citron as an expert, required by the Federal Rules of Civil Procedure.  Defendants moved this Court for summary judgment related to the failure to establish causation, and in response, in part, Plaintiff sought to disclose Dr. Citron as an expert pursuant to Rule 26.  On September 19, 2019, this Court denied the motion for leave to disclose Dr. Citron as an expert.  This Court did correctly note in its Order that Dr. Citron may testify as a lay witness, but only regarding facts within his personal knowledge, including his treatment of Mr. Smoot. (Order, p. 16) This Court further noted that, Dr. Citron "may not testify regarding the cause of Smoot's injury if such testimony is 'not grounded in [Citron's] own experience.'"

(Order, p. 16) (citing *Williams v. Bast Biosurgery USA, Inc.*, 644 F.3d 1312, 1317 (11th Cir. 2011); FED. R. EVID. 701)

In accordance with this Court's September 19, 2019, Order, Defendants respectfully request that Dr. Citron be provided, prior to testifying, that he is only permitted to testify in accordance with the Order and as a lay witness. Counsel for Defendants understands that setting specific parameters regarding this testimony is difficult given the lack of context as to what he may testify regarding. Counsel will object where appropriate, but expects Plaintiff will discuss this Court's order with Dr. Citron prior to any testimony at trial.

### 6. EVIDENCE NOT IDENTIFIED DURING DISCOVERY OR PURSUANT TO DEADLINES IN SCHEDULING ORDER

Defendants request that this Court exclude all evidence not properly identified during the agreed upon discovery period or pursuant to deadlines in the scheduling order, including any expert witness testimony not properly disclosed pursuant to the Federal Rules of Civil Procedure. Allow the introduction of such

### 7. ATTEMPTS TO SHIFT THE BURDEN OF PROOF

Defendants anticipate that Plaintiff will state, argue, or imply during opening statements, the presentation of evidence, or in closing arguments that Defendants must prove that they were not the cause of Plaintiff's injuries. Such statements, arguments, and proposed evidence are nothing more than a thinly-veiled attempt to

shift the burden of proof.  Plaintiff bears the burden of proving causation, and damages in this matter, and Defendants are not required to prove another cause.  Accordingly, the Court should prevent Plaintiff from attempting to shift the burden of proof.

8. **ARGUMENTS RELATED TO CLAIMS DISPOSED OF ON SUMMARY JUDGMENT**

Defendants anticipate that Plaintiff may try to salvage various claims that were disposed of on summary judgment.  Plaintiff's Complaint sought punitive damages (See Counts III and VII) and alleged that Defendant BWG Transport was negligent in hiring, training, supervising, entrusting and retaining Defendant Heinrichs (See Count V).  (See Complaint)  Defendants filed a motion for summary judgment, which included Counts III, V, and VII.  On September 19, 2022, this Court Granted the Motion with respect to these claims.  Accordingly, there should be no reference or comment related to these claims.

This **10th** day of October, 2021.

                Respectfully submitted,

                **COPELAND, STAIR,**
                   **VALZ & LOVELL, LLP**

                By:  /s/ Jay M. O'Brien
                    JAY M. O'BRIEN
                    State Bar No.:  234606
                    ***Counsel for Defendants***

191 Peachtree Tower, Suite 3600
191 Peachtree Street NE
P.O. Box 56887 (30343-0887)
Atlanta, Georgia 30303-1740
Phone: 404-522-8220
jobrien@cskl.law

## CERTIFICATE OF FONT AND CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was prepared in Times New Roman 14-point font in conformance with Local Rule 5.1C, and that I have served a copy of the **DEFENDANTS' FIRST MOTIONS IN LIMINE AND BRIEF IN SUPPORT THEREOF** via electronic filing and service to all counsel of record as follows:

Jon R. Hawk, Esq.
JON HAWK LAW FIRM, LLC
3727 Vineville Avenue
Macon, Georgia 31201
jhawk@hawklawfirm.law
*Counsel for Plaintiff*

This **10th** day of October, 2021.

                                          Respectfully submitted,

                                          **COPELAND, STAIR,**
                                             **VALZ & LOVELL, LLP**

                                        By:  /s/  Jay M. O'Brien
                                             JAY M. O'BRIEN
                                             State Bar No.:  234606
                                             *Counsel for Defendants*

191 Peachtree Tower, Suite 3600
191 Peachtree Street NE
P.O. Box 56887 (30343-0887)
Atlanta, Georgia 30303-1740
Phone: 404-522-8220
jobrien@csvl.law